EDWARD HERTENBERGER, Appellant, v. WILLIAM G. SMITH, Respondent.— Appeal by the plaintiff from a judgment of nonsuit and dismissal of the complaint on the merits, such nonsuit and dismissal of the complaint having been directed by the court after a trial and at the conclusion of the entire evidence at a Trial Term of the Supreme Court, Albany county. The action is brought for breach of two interrelated contracts which were executed between the parties hereto on the same date. One of the agreements is a land contract by which the plaintiff agreed to purchase of the defendant certain premises in Rensselaerville, N. Y., on which was located the postoffice, the defendant being postmaster. The agreements further provided that the postoffice should remain on the premises and that plaintiff should be employed to assist the postmaster and should receive therefor one-half of the returns received by the defendant as postmaster. In case of breach the sum of $200 was stipulated as liquidated damages. The complaint alleges that the defendant breached both contracts by removing the postoffice from the premises and by refusing to permit plaintiff to render the personal services provided for; that the alleged reason given by the defendant for the breach of said contracts was that the postal authorities ordered him to remove the postoffice from the premises and to dispense with the services of the plaintiff. Judgment is demanded for the amount already paid by plaintiff upon the land contract, together with $200

liquidated damages, in all the sum of $799.16. The complaint further demands an accounting as to the receipts from the postoffice. At the close of the entire evidence the defendant renewed his motion made at the close of the plaintiff's case for a nonsuit and dismissal of the complaint, on the ground that plaintiff had shown no damages on account of the alleged breach of contract; that the action is neither an action at law nor an action in equity, and that plaintiff had failed to prove a cause of action either in law or in equity. The court thereupon dismissed the complaint upon the merits. The court, in granting the dismissal, indicated that plaintiff might have an action in equity. It may be, however, that the dismissal on the merits would bar the bringing of any action involving the matters alleged in the complaint herein. Judgment modified, on the law and facts, by striking out the provision that it is upon the merits, and by inserting a provision therein that the dismissal is without prejudice to the right of the plaintiff to bring a new action relative to any or all of the matters set forth in said complaint, and as thus modified, the judgment is affirmed, without costs to either party. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.